SEWALL MORSE AND LUCIUS H. CRANE *v.* ELROY STODDARD AND ——— MILLER.

### *Award.*

A bond of submission provided that the award of the arbitrators should be made and published " in writing under their hands and seals." *Held*, that the terms of the submission were complied with, and the submission became irrevocable, when the arbitrators made such award, which was ready to be delivered, and notified the recovering party of its contents.

*Held*, that an admission in the pleading, and a statement in the bill of exceptions "that the award was made," imported that it was made in conformity with the submission.

DEBT on an award. The bond of submission, in pursuance of which the award was made, required the defendants to observe and perform the award which the arbitrators named should " make and publish of or in the premises, in writing, under their hands and seals, on or before the first day of September, 1853." The defend-ants plead a revocation on the 30th August, 1853. The plaintiffs replied an award and publication of the same on the 26th August, 1853, which was traversed. Trial by the court, April Term, 1855, —UNDERWOOD, J., presiding.

It appeared, on the trial, that the arbitrators made their award on the 26th of August, 1853, and on the same day notified Mr. Mead,

the plaintiffs' attorney, of its contents. The cause was heard by the arbitrators, on the 18th and 19th of the same August, at which the defendants were present. A sealed revocation was handed to the arbitrators on the 30th of August, 1853, by the defendants, and before they had been informed of the award.

The court rendered judgment for the plaintiffs, to which the defendants excepted.

*Keyes & Howe* for the defendants.

Notice of the contents of the award to the plaintiffs' attorney, on the 26th of August, was not a publication, much less a publication "in writing." Caldwell on Arbitration 34 and 35. *Kingsley* v. *Bill et al.*, 9 Mass. 192. *Musselbrook* v. *Dunkin*, 3 Barn & Adol. 395. *Mararthar* v. *Campbell*, 5 Barn. & Adol. 118. *Monroe* v. *Allaire*, 2 Caimes 320. 2 Saunders 62, *a* note 4. *Child* v. *Borden*, 2 Buls. 144. *Aldrich* v. *Jessiman*, 8 N. H. 516. *Marsh* v. *Packer*, 20 Vt. 198. *Rixford* v. *Nye*, 20 Vt. 132. *Knowlton* v. *Horner*, 30 Maine, 17 Shep. 552. Kyd on Awards 29, 30.

*D. & G. B. Kellogg* for the plaintiffs.

An award made and signed by the arbitrators, is complete and not executory. Although it is usual to notify the parties of its completion, it is not necessary, unless called for by the articles of submission. Caldwell on Arbitration, 51–195. 2 Saunders 62. 4 Phil. on Ev. 81. And, if by accident or otherwise, a delivery was prevented, it would still be an award binding upon the parties. *Brown* v. *Vawser*, 4 East 584. But here the award was not only made and signed, but actually published to one of the parties prior to the attempted revocation. This certainly rendered it valid and binding. *Hunt* v. *Wilson*, 6 N. H. 36. *Rixford et al.* v. *Nye et al.*, 20 Vt, 133.

The opinion of the court was delivered by

IsHAM, J. The only question in this case arises, whether the award upon which this action is brought, was made and published before the submission was revoked by the defendants. The award was made on the 26th of August, 1853, and the plaintiffs' attorney was on that day notified of its contents. In the statement that the

award was made on that day, we are to understand that it was made in conformity to the submission; that it was in writing, and under their hands and seals. The fact that it was so made is admitted in the pleadings, which have been treated as part of the case. It is necessary that the award should have been published also, in order to render the submission irrevocable, and the award binding on the parties. What act amounts to a publication of an award depends upon the stipulation of the parties as contained in their submission. In Caldwell on Arbit. 51, 195, the rule is given that if no provision is made, in the submission, that the award shall be published, the arbitrators are not obliged to notify the parties that the award is ready. In declaring upon such an award it is not necessary to aver such notice, or prove it on trial, for the means of knowledge are as much within the power of one party, as of the other. The same rule is sustained in 2 Saund. 62, (4) and cases cited. If the submission provides that the award shall be made, and ready to be delivered by a given day, it is sufficient if it be made and ready for delivery, though no notice is given to the parties, for no such provision is contained in the submission. The case of *Brown* v. *Vawser*, 4 East. 584, is a case of that character. The award is made and published when the terms of the submission are complied with. *Hunt* v. *Wilson*, 6 N. H. 37. *Rixford* v. *Nye*, 20 Vt. 133. The bond of submission, in this case, binds the parties to perform the award which the arbitrators " shall make and publish of or in the premises in writing, under their hands and seals," &c. There is no provision that it shall be published to both of the parties. If the award is made in writing, under the hands and seals of the arbitrators, ready to be delivered, and the party in whose favor the award is made, and who is entitled to it, is notified that it is so made, and of the contents of it, it must be regarded as made and published agreeable to the terms of their contract. Having the award made in writing, under seal, and ready for delivery, and notifying the party entitled to it of its contents, is all the publication in writing which the nature of the case admits of. 4 Phil. Ev. 81. All these facts, the case finds, did exist in the case, before the revocation was made. The defendants, it is true, had not been informed of the award, when their revocation was handed to the arbitrators, neither does their contract of submission make

that necessary. It is published when the award is made known, and it is published in writing when the award is in writing, and the contents of that writing made known tò the party entitled to it. It is all that is required by the submission.

The judgment of the county court is affirmed.